IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No1:24-CV-1012

| | |
|---|---|
| ESTATE OF RONALD G. KIRKPATRICK BY AND THROUGH THE EXECUTOR OF THE ESTATE OF RONALD G. KIRKPATRICK, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES of AMERICA, <br><br> *Defendant*. | **COMPLAINT** |

Ronald G. Kirkpatrick, Jr. as the Executor of the Estate of Ronald G. Kirkpatrick by and through his undersigned counsel for his Complaint against the United States of America hereby alleges and complains as follows:

1. Ronald G. Kirkpatrick ("the decedent") died on September 17, 2018.

2. The decedent resided in Alamance County North Carolina at the time of his death.

3. Ronald G. Kirkpatrick Jr. qualified as the Executor of the Estate of Ronald G. Kirkpatrick on September 28, 2018 in Alamance County, North Carolina Estate File Number 18 E 1007.

4. Defendant is the United States of America.

**JURISDICTION AND VENUE**

1

5. This is a Civil Action brought for a refund for amounts the Plaintiff as decedent and as the Estate paid to the Internal Revenue Service Under US Code 26 § 7422.

6. More specifically, this is a Civil Action brought for a refund for the Internal Revenue Service's failure to allow a Net Operating Loss carryback for the tax year 2018 as applicable to tax periods 2013, 2014, 2015, 2016, 2017 and 2018.

7. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1340 and §1346. Venue is proper pursuant to 28 U.S.C. § 1402.

## FACTS

8. Ronald G. Kirkpatrick died on September 17, 2018.

9. On or about June 8, 2021, Plaintiff by and through its representatives the accounting firm Smith, Kessler & Company submitted a form 1045 for the Decedent's Amended Return.

10. A purpose of the filed form 1045 was to seek to a Tentative Refund for Net Operating Losses for the tax years 2013, 2014, 2015, 2016, 2017 and 2018.

11. The Form 1045 was marked received by the Internal Revenue Service on June 11, 2021 and June 23, 2021.

12. The Internal Revenue Service forwarded a letter dated February 28, 2022 indicating that the Form 1045 was inadequate. Specifically, the Internal Revenue Service indicated that a 1040X was required instead of a Form 1040.

13. On March 11, 2022, the Accounting Firm of Smith Kessler & Company on behalf of Plaintiff forwarded a Letter to the Internal Revenue Service indicating that a 1045 was adequate under the CARES Act based on IRS Notice 2020-26.

14. On March 18, 2022, the IRS received another 1045 provided by the Smith Kessler & Company firm again claiming a Tentative refund for 2018 for Net Operating Losses going to back to years 2013, 2014, 2015, 2016, 2017 and 2018.

15. On April 20, 2022, the Internal Revenue Service forwarded a letter to the Plaintiff by and through the accounting firm of Smith Kessler & Company indicating that once again a form 1045 was insufficient and that a 1040X needed to be filed.

16. On or about June 7, 2022, Plaintiff by and through the accounting firm of Smith Kessler & Company submitted Amended Returns under file 1040X pursuant to the Internal Revenue Service's Instruction letters of April 20, 2022 and March 11, 2022.

17. On September 30, 2022, the Internal Revenue Service sent correspondence to Plaintiff indicating that the Claim for a refund lacked necessary supporting documentation. In particular, the Internal Revenue Service claimed that the Return contained an incomplete Schedule B-Nol and an incomplete 1040X.

18. The September 30, 2022 letter also indicated that the Internal Revenue Service was extending any deadlines for thirty days from the notice.

19. On November 10, 2022, the Internal Revenue Service sent additional correspondence to the Plaintiff. In that correspondence, the Internal Revenue Service indicated that it could not process the 2018 Net Operating Loss. In particular, the letter indicated that the Schedule B-Nol was not computed.

20. In the November 10, 2022 correspondence, the Internal Revenue Service also indicated that there was also insufficient documentation to verify the adjusted

3

gross income.

21. In the November 10, 2022 correspondence, the Internal Revenue Service also indicated that the Internal Revenue Service had attempted to contact the accounting firm of Smith Kessler & Company and had not received sufficient responses.

22. The November 10, 2022 correspondence, the Internal Revenue Service then states the following: "In an effort to protect the decedent's interest we suspended the case for thirty days and corresponded to you on our notice 4734C which gave you enough time to file a complete and processible carryback claim."

23. On December 2, 2022 the Internal Revenue Service sent an additional letter denying the Claim for Net Operating Loss. The letter was received on December 5, 2022.

24. On December 6, 2022 Smith Kessler & Company on behalf of the Plaintiff sent revised and completed documents to the Internal Revenue Service for the 1040X Net Operating Loss carryover.

25. Upon information and belief, Smith Kessler & Company was acting under the belief that the November 10, 2022 correspondence extended its ability to respond to the Internal Revenue Service for thirty (30) days from November 10, 2022.

26. On December 7, 2022, the Executor Ronald G. Kirkpatrick forwarded correspondence to the Internal Revenue Service indicating that the documentation had been provided within the thirty (30) days additional provided by the Internal Revenue Service.

27. On June 26, 2023, the Internal Revenue Service mailed a letter indicating the setting of an Appeals Conference.

28. Plaintiff timely filed an appeal from the December 2, 2022 decision and requested a refund from the Internal Revenue Service.

29. The Internal Revenue Service has failed to provide the Net Operating Loss Carryovers and issue the appropriate refunds.

## CLAIM FOR RELIEF

## 26 USC 7422

30. The allegations in paragraphs 1-29 are hereby realleged and incorporated by reference.

31. Plaintiff by and through Smith Kessler & Company filed a form 1045 application for tentative refund on June 11, 2021 for tax year 2018 seeking a NOL carryover for tax years 2013, 2014, 2015, 2016, and 2017.

32. The Internal Revenue Service denied the Tentative Refund and indicated that the Plaintiff had to file a 1040X Amended Return.

33. The Plaintiff resubmitted a form 1045 and the Internal Revenue Service again denied and indicated that the Plaintiff had to submit a 1040X Amended Return.

34. Upon information and belief, Plaintiff submitted a timely 1040X Amended Return for Tax Years 2013, 2014, 2015, 2016, 2017 and 2018 pursuant to the Internal Revenue Service's instructions as set forth in correspondence dated November 10, 2022.

35. The refund sought for Tax Year 2015 was Forty Thousand One Hundred and

Eighty Six Dollar ($40,186).

36. The Internal Revenue Service denied the refund on December 2, 2022.

37. The refund sought for Tax Year 2016 was Fourteen Thousand Eight Hundred and Twenty Dollars ($14,820.00).

38. The Internal Revenue Service denied the refund on December 2, 2022.

39. The refund sought for Tax Year 2017 was One Million Two Hundred and One Thousand Four Hundred and Forty Five Dollars ($1,201,445).

40. The Internal Revenue Service denied the refund on December 2, 2022.

41. Two years have not passed since the refund was denied.

42. Plaintiff has exhausted the administrative remedies available to it within the Internal Revenue Service.

43. Plaintiff is entitled to a refund because either the 1045 or the 1040X were timely filed and completed prior to the time provided by the Internal Revenue Service in its correspondence to the Plaintiff.

WHEREFORE, the Plaintiff prays that the Court:

1. Enter Judgment for Plaintiff and against Defendant in the amount of One Million Two Hundred Fifty Six Thousand Four Hundred and Fifty One Dollars ($1,256,451.00).

2. Or For an Order allowing the Net Operating Losses as filed in the 1045 application for Tentative Relief under the 2018 Tax Year Return;

6

3. Award Pre and Post Judgment interest as allowed by law; or

4. For any other relief this Court deems just and proper.

This, the 2nd day of December, 2024.

/s/ Benjamin D. Overby
Benjamin D. Overby
N.C. Bar Number 26589
bdo@vernonlaw.com

OF COUNSEL:
The Vernon Law Firm
Attorneys at Law
Post Office Drawer 2958
Burlington, North Carolina 27216-2958
Telephone: 336-227-8851
Facsimile: 336-226-3866