# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

--------------------------------- X

Estate of Ronald G. Kirkpatrick by and through the Executor of Ronald G. Kirkpatrick, Jr.,

        Plaintiff,

        v.

United States of America,

        Defendant.

--------------------------------- X

Case No. 1:24CV01012

**JOINT RULE 26(f) REPORT**

1. Pursuant to Fed.R.Civ.P. 26(f) and LR16.1(b), a virtual meeting was held on June 10, 2025 and was attended by Benjamin D. Overby and R. Bryan Norris, Jr. as counsel for Plaintiff, and Gokce T. Yurekli and Elizabeth Pruitt as counsel for Defendant.

2. Discovery Plan. The parties propose to the Court the following discovery plan:

    a. The "commencement date" of discovery will be June 30, 2025.

    b. Discovery will be needed on the following subjects:

        i. The filing of any relevant documents by Plaintiff with the IRS;

        ii. Communications by and between the IRS, Plaintiff, and Plaintiff's tax preparer, Smith Kesler & Co., as they relate to filings referenced in Plaintiff's Complaint;

        iii. The date, timing, investigation, decision, and disposition by the IRS of the aforementioned filings; and

        iv. All documents and information relevant to the refund(s) claimed by Plaintiff and denied by the IRS as alleged in Plaintiff's complaint.

    c. Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as Complex.

    d. Consistent with the LR 26.1(a) Complex designation, the date for the completion of all discovery (general and expert) shall be six (6) months from June 30, 2025, with said time expiring on December 31, 2025.

There are no stipulated modifications to the Complex case management track.

e. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

   i. From Plaintiff by October 30, 2025.

   ii. From Defendant by October 30, 2025.

   Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. Mediation. This case is not subject to automatic mediation pursuant to the categories listed in LRs 16.4 & 83.9b(a).

4. Preliminary Deposition Schedule. The undersigned propose the following schedule for depositions:

   a. The parties shall complete all fact depositions by December 15, 2025.
   b. The parties shall complete expert depositions by December 15, 2025 for Plaintiff's experts and December 31, 2025 for Defendant's experts.

   The parties will update this schedule at reasonable intervals.

5. Other items.

   a. Plaintiff should be allowed until August 30, 2025 to request leave to join additional parties or amend pleadings.

   b. Defendant should be allowed until September 15, 2025 to request leave to join additional parties or amend pleadings.

   After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

   c. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master:

      i. The parties agree that this case is not appropriate for referral to a magistrate or appointment of a master.

   d. Trial of the action is expected to take approximately 1-2 days. A jury trial has not been demanded.

2

e. The parties discussed whether the case will involve the possibility of confidential or sealed documents. The parties agreed that no documents in this case will be designated as confidential or filed under seal.

f. The basis of federal subject matter jurisdiction is as a civil action against the United States for recovery of an IRS tax pursuant to 28 U.S.C. §§ 1340 & 1346.

g. The parties hereby stipulate to the following provisions regarding the discovery of electronically filed information ("ESI"):
    i. The parties consent to electronic service of discovery requests and responses via email.
    ii. The parties should take affirmative steps to coordinate with potential custodians and preserve all information that may be reasonably related to this action.
    iii. The parties agree to exchange documents in a native format, if possible, with all metadata preserved. Where native format is unavailable or impracticable, or documents exist solely in a physical hard-copy format, the parties may exchange documents in a .pdf format. If producing email, the parties should also produce the attachments in the email and any requested metadata.
    iv. Documents may be transmitted either by email, or by uploading the documents to the Justice Enterprise File Sharing ("JEFS") program or another secure, online drop box.
    v. The parties agree that the production of materials, inadvertent or otherwise, shall not be deemed a waiver of attorney-client privilege or work product protection in this proceeding, or in any other federal or State proceeding.
    vi. Each party shall bear its own cost of preservation, production, and restoration of digital discovery.
    vii. The following categories of ESI need not be preserved:
        1. Deleted, slack, fragmented, or other data only accessible by forensics.
        2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
        3. On-line access data such as temporary internet files, history, cache, cookies, and the like.
        4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
        5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
        6. Server, system or network logs.
        7. Data remaining from systems no longer in use that is unintelligible on the systems in use.
        8. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and

Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

<div style="display: flex;">
<div>

By: /s/ Benjamin D. Overby
Benjamin D. Overby
NC Bar No. 26589
R. Bryan Norris, Jr.
NC Bar No. 46295
The Vernon Law Firm
PO Drawer 2958
Burlington NC 27216-2958
Telephone: 336-227-8851
Fax: 336-226-3866
bdo@vernonlaw.com
rbn@vernonlaw.com
*Counsel for Plaintiff*

</div>
<div>

By: /s/Gokce T. Yurekli
Gokce T. Yurekli
Elizabeth Pruitt
Trial Attorneys, Tax Division
U.S. Department of Justice
PO Box 227
Washington, D.C. 20044
Telephone: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
Elizabeth.Pruitt@usdoj.gov
*Counsel for the United States of America*

</div>
</div>

## CERTIFICATE OF SERVICE

I certify that on June 12, 2025 I filed the foregoing Joint Rule 26(f) Report on the Court's CM/ECF system, which will send notifications of such filing to all parties of record.

By: /s/ Benjamin D. Overby
Benjamin D. Overby
NC Bar No. 26589
R. Bryan Norris, Jr.
NC Bar No. 46295
The Vernon Law Firm
PO Drawer 2958
Burlington NC 27216-2958
Telephone: 336-227-8851
Fax: 336-226-3866
bdo@vernonlaw.com
rbn@vernonlaw.com
*Counsel for Plaintiff*